FILED

10 OCT 13 PM 4: 13

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  Nathan R. Hamler, Esq. (SBN 227765)
   nhamler@mintz.com
2  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
   3580 Carmel Mountain Road, Suite 300
3  San Diego, CA 92130
   Telephone: (858) 314-1500
4  Facsimile:  (858) 314-1501

5  Attorneys for Defendant
   COX COMMUNICATIONS, INC.

6

7

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11 BRITTNI COTTLE-BANKS, an individual, on        Case No. **10 CV 2133 BTM** *VIA FAX WVG*
   behalf of herself and of all others similarly
12 situated,                                       **NOTICE OF REMOVAL UNDER
                                                    28 U.S.C. § 1441**
13                Plaintiffs,

14        v.

15 COX COMMUNICATIONS, INC., a Delaware
   Corporation; and DOES 1 through 100, inclusive,
16
                  Defendants.
17

18        TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19        PLEASE TAKE NOTICE that defendant Cox Communications, Inc. ("Cox") hereby

20 removes to this Court the state action described below.

21        1.    On or about September 13, 2010, an action was commenced in the Superior Court of

22 the State of California for the County of San Diego, entitled *Brittni Cottle-Banks v. Cox

23 Communications, Inc., and Does 1 through 100*, Case No. 37-2010-0010195-CU-BT-CTL, attached

24 hereto as Exhibit "A."

25        2.    Cox first received a copy of the complaint on September 20, 2010, when Cox was

26 served with a summons, civil cover sheet, notice to litigants, notice of case assignment, and a copy

27 of the complaint from the state court. A copy of the summons, civil cover sheet, notice to litigants,

28 and notice of case assignment are attached hereto as Exhibit "B."

                                    1



3.     This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331, and which may be removed to this Court by defendant pursuant to 28 U.S.C. § 1441(b). Plaintiff alleges that Cox has violated the Cable Television Consumer Protection and Competition Act of 1992 ("Federal Cable Act"), 47 U.S.C. § 543(f), by charging its cable television customers a monthly rental fee for cable converter boxes and/or remote control devices which these customers did not request by name.  Complaint ¶¶ 6, 45, 47.  Plaintiff's claim under the California Business and Professions Code § 17200, et seq.  Id. ¶¶ 7, 43, 47, arises in its entirety from Plaintiff's claim that Cox has violated the Federal Cable Act.  The resolution of Plaintiff's state law claim is thus entirely contingent upon the interpretation of a substantial question of federal law—whether Cox has violated 47 U.S.C. § 543(f).

4.     Furthermore, the Federal Cable Act expressly preempts state or local actions that amount to rate regulation of basic cable television services, including equipment charges, which is the purview of the Federal Communications Commission.  The Complaint's allegations that Cox unlawfully charged its customers a monthly rental fee for cable converter boxes and/or remote control devices that these customers did not request by name falls within the rate regulation provisions of the Federal Cable Act, and Plaintiff's state law claim arising under those provisions is preempted.

5.     This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

6.     Complete diversity exists between the parties because they are citizens of different states.  The plaintiff is alleged to be a citizen of the State of California.  Complaint ¶ 8.  The named defendant, Cox, is a Delaware corporation with its principal place of business in Georgia. Complaint ¶ 9.  The citizenship of fictitious defendants is disregarded for removal purposes.  28 U.S.C. § 1441(a).

7.     While the Complaint does not include any allegation regarding a specific damages amount, it is apparent from the face of the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.  The Complaint alleges that Cox has over 100,000

1  customers in California, and seeks restitution for all amounts that these customers may have paid to

2  Cox since September, 2006 in monthly rental fees for cable converter boxes and/or remote control

3  devices that were not requested by name these customers.  Complaint ¶¶ 9, 24, and at Prayer for

4  Relief.

5

6  Dated:  October 13, 2010

MINTZ LEVIN COHN FERRIS GLOVSKY AND
POPEO PC

7

8  By _____

Nathan R. Hamler, Esq.

9

10  Attorneys for Defendant
COX COMMUNICATIONS, INC.

11

12  *OF COUNSEL:*

13  Bruce D. Sokler, Esq.*
Robert G. Kidwell, Esq.*

14  MINTZ LEVIN COHN FERRIS GLOVSKY AND
  POPEO PC

15  701 Pennsylvania Ave., NW, Suite 900
Washington, DC 20004

16  Telephone: (202) 434-7303
Facsimile:  (202) 434-7400

17  bdsokler@mintz.com
rgkidwell@mintz.com

18  **Pro Hac Vice* Applications Anticipated

19

20  5048042v.1

21

22

23

24

25

26

27

28

3

**EXHIBIT A**

# EXHIBIT A

1   **MILBERG LLP**
    JEFF S. WESTERMAN (SBN 94559)
2   jwesterman@milberg.com
    SABRINA S. KIM (SBN 186242)
3   skim@milberg.com
    One California Plaza
4   300 S. Grand Avenue, Suite 3900
    Los Angeles, CA 90071
5   Telephone: (213) 617-1200
    Facsimile: (213) 617-1975
6
    **LAW OFFICE OF CHRISTOPHER J. MOROSOFF**
7   CHRISTOPHER J. MOROSOFF, ESQ. (SBN. 200465)
    77-73 5 California Drive
8   Palm Desert, California 92211
    Telephone: (760) 469-5986
9
10  **RAY A. MANDLEKAR, ATTORNEY AT LAW**
    RAY A. MANDLEKAR, ESQ. (SBN 196797)
11  27555 Ynez Road, Suite 208
    Temecula, California 92591
12  Telephone: (951) 200-3427

13  Attorneys for Plaintiff

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                      FOR THE COUNTY OF SAN DIEGO

16
    BRITTNI COTTLE-BANKS, an individual, on        CASE NO.: 37-2010-00100195-CU-BT-CTL
17  behalf of herself and of all others similarly
    situated,                                      **CLASS ACTION**
18
                        Plaintiff,                 COMPLAINT FOR RESTITUTION AND
19                                                 INJUNCTIVE RELIEF FOR UNLAWFUL
                        vs.                        BUSINESS PRACTICES (California Business
20                                                 & Professions Code, Section 17200)
    COX COMMUNICATIONS, INC., a Delaware
21  Corporation; and DOES 1 through 100,           **DEMAND FOR JURY TRIAL**
    inclusive,
22
                        Defendants.
23
24
25
26
27
28

                                    COMPLAINT
DOCS\27331v1

F I L E D
Clerk of the Superior Court

SEP 1 3 2010

FAXED

1          Comes now Plaintiff BRITTNI COTTLE-BANKS, individually and on behalf of all others

2    similarly situated, and for causes of action against Defendants and each of them, alleges as

3    follows:

**INTRODUCTION**

4

5        1.    This complaint involves a representative action for restitution and injunctive

6    relief, and is brought by an individual on behalf of herself and on behalf of all other persons who,

7    at any time between September 13, 2006, and the present, paid a rental fee to Defendant COX

8    COMMUNICATIONS, INC. ("CCI" or "Defendant") for the use of a cable television converter

9    box and/or remote control device which they did not affirmatively request by name in connection

10   with cable television service they received within the state of California.

11       2.    Defendant CCI provides, among other things, cable television service to

12   consumers throughout the state of California.

13       3.    As part of CCI's cable television service, CCI offers different levels of service,

14   including premium channels such as HBO and Cinemax, as well as Basic and/or Standard Cable

15   service.

16       4.    CCI charges its customers a rental fee for the use of converter boxes and/or

17   remote control devices that customers do not affirmatively request by name.

18       5.    CCI's practice of charging customers for converter boxes and/or remote control

19   devices which they did not affirmatively request by name is unfair, deceptive, and in violation of

20   California and federal law as pled more fully herein.

21       6.    CCI's failure to obtain affirmative requests by name for a cable converter box

22   and/or remote control device, prior to charging for such equipment violates the Cable Television

23   Consumer Protection and Competition Act of 1992, 47 U.S.C. § 543(f) ("Cable Act").

24       7.    Pursuant to California Business and Professions Code § 17200, *et seq.*, CCI's

25   violation of the Cable Act constitutes an unlawful business practice.

**PARTIES**

26

27       8.    Plaintiff BRITTNI COTTLE-BANKS ("COTTLE-BANKS" or "Plaintiff") is, and

28   at all times relevant hereto has been, an individual and a resident of San Diego County,

- 1 -

**COMPLAINT**

DOCS\527331v1

1  California. COTTLE-BANKS paid a rental fee to CCI for the use of a cable television converter
2  box and remote control device within the state of California which she did not affirmatively
3  request by name.

4      9.    Defendant CCI is a Delaware Corporation, headquartered in Atlanta, Georgia, and
5  authorized to do business in California. Plaintiff is informed and believes, and on that basis
6  alleges, that CCI provides cable television service to over 100,000 consumers in the state of
7  California, and thus has sufficient contacts with California for this Court to exercise jurisdiction
8  over it.

9      10.    The true names and capacities of the defendants named herein as DOES 1 through
10  100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff
11  who therefore sues such defendants under fictitious names pursuant to California Code of Civil
12  Procedure § 474. Plaintiff is informed and believes, and on that basis alleges, that these
13  defendants, DOES 1 through 100, are in some manner or capacity, and to some degree, legally
14  responsible and liable for the damages of which Plaintiff complains. Plaintiff will seek leave of
15  Court to amend this Complaint to set forth the true names and capacities of all fictitiously-named
16  defendants within a reasonable time after they become known.

17                  **JURISDICTION AND VENUE**

18      11.    This is a civil action brought under and pursuant to California Business &
19  Professions Code § 17200, et seq. ("UCL").

20      12.    This Court has jurisdiction over this action pursuant to California Code of Civil
21  Procedure § 410.10.

22      13.    The violations of law alleged in this complaint occurred in San Diego county and
23  elsewhere in California. This Court has jurisdiction over CCI because it is a corporation that is
24  authorized to conduct, and in fact does conduct, substantial business in the State of California,
25  has sufficient minimum contacts with this state, and otherwise purposely avails itself of the
26  markets in this state, through the promotion, sale, marketing, and distribution of its services and
27  products in the state, so as to render the exercise of jurisdiction by California courts permissible
28  under traditional notions of fair play and substantial justice.

DOCS\527331v1

14.     The monetary relief which Plaintiff seeks is in excess of the jurisdictional minimum required by this Court and will be established according to proof at trial.

15.     Venue is proper in this Court pursuant to California Code of Civil Procedure §§ 395 and 395.5 because the unlawful and unfair business practices at issue were performed and/or engaged in within the county of San Diego, California.

16.     Plaintiff is informed and believes, and on that basis alleges, that Defendants CCI and DOES 1 through 100, and each of them, have sufficient contacts with the state of California for this Court to exercise jurisdiction over them.

## FACTUAL ALLEGATIONS

17.     COTTLE-BANKS began receiving cable television service from CCI in San Diego County, California in 2008.

18.     COTTLE-BANKS paid a rental fee to CCI for the use of one or more converter boxes and remote control devices.

19.     At the time of installation of her cable television service and equipment, CCI installed one or more converter boxes to COTTLE-BANKS' television(s) and left her with one remote control device for each converter box.

20.     COTTLE-BANKS never affirmatively requested by name either a converter box or a remote control device from CCI.

21.     Plaintiff is informed and believes, and on that basis alleges, that Defendant provides, and has provided, cable television service to over 100,000 persons throughout the state of California at some time during the Class Period.

22.     Plaintiff is further informed and believes, and on that basis alleges, that Defendant has charged a significant portion of its cable television service customers monthly rental fees for use of one or more cable converter boxes and/or remote control devices, despite the fact that most, if not all, of those customers never affirmatively requested either device by name from Defendant.

23.     Plaintiff is informed and believes, and on that basis alleges, that by virtue of Defendant's unlawful and unfair business practices alleged herein, Defendant has received

- 3 -
**COMPLAINT**

1  substantial sums of money, and has realized profits from those unlawful and unfair practices
2  since September 13, 2006. Specifically, CCI charges its cable television service customers a
3  monthly rental fee for a cable converter box and/or a remote control device which customers
4  never affirmatively requested by name.

5      24.     The relief sought in this action is necessary to restore to Plaintiff and to members
6  of the proposed Class the money which Defendant has illegally acquired through the unlawful
7  and unfair treatment of Plaintiff and each member of the Class as described herein. Plaintiff and
8  all Class Members are entitled to restitution of all amounts paid by such persons to CCI
9  throughout the relevant Class Period for the rental of a cable converter box and/or remote control
10  device which they did not affirmatively request by name. In addition, Plaintiff is entitled to an
11  injunction permanently enjoining Defendant from committing the unlawful conduct alleged
12  herein.

13                                    **CLASS ACTION ALLEGATIONS**

14      25.     Plaintiff brings this action on behalf of herself and on behalf of all other persons
15  similarly situated as a class action pursuant to California Code of Civil Procedure § 382, namely
16  each and every person who, at any time during the period from September 13, 2006, to the
17  present ("Class Period"), paid a rental fee to CCI for the use of a cable television converter box
18  and/or remote control device which they did not affirmatively request by name in connection
19  with cable television service they received within the state of California.

20      26.     The class in this action may be defined as: "All persons who, at any time from
21  September 13, 2006, to the present, paid a rental fee to CCI for the use of a cable television
22  converter box and/or remote control device which they did not affirmatively request by name in
23  connection with cable television service they received within the state of California" (the
24  "Class").

25      27.     Plaintiff is a member of the Class.

26      28.     The number of persons in the Class is so numerous that joinder of all such persons
27  would be impracticable. While the exact number and identities of all such persons are unknown
28

DOCS\527733.1v1

1  to Plaintiff at this time, and can only be obtained through appropriate discovery, Plaintiff is

2  informed and believes, and on that basis alleges, that the Class includes over 100,000 persons.

3       29.    Disposition of Plaintiff's claims in a class action will be of benefit to all parties

4  and to the Court.

5       30.    There is a well-defined community of interest presented by the Class in that,

6  among other things, each member of the Class has an interest in obtaining appropriate legal relief

7  for the harm of which Plaintiff complains, and obtaining other adequate compensation for the

8  common injuries which Plaintiff and all Class Members have suffered as a result of Defendant's

9  actions.

10      31.    A class action in this case is superior to any other available method for the fair

11  and efficient adjudication of the claims presented herein.  Proof of a common or single set of

12  facts will establish the right of each Class Member to recover.  Further, Plaintiff is informed and

13  believes, and on that basis alleges, that the individual claims of each Class Member are so small

14  that, but for a class action, such claims will go unprosecuted.  Consequently, this class action is

15  in the public interest and in the interests of justice.

16      32.    The prosecution of separate actions by individual Class Members would create a

17  risk of inconsistent and/or varying adjudications with respect to individual Class Members which

18  would or may establish incompatible standards of conduct for Defendant.

19      33.    The prosecution of separate actions by individual Class Members would also

20  create a risk of adjudications with respect to individual Class Members which would, as a

21  practical matter, be dispositive of the interests of other Class Members not parties to the

22  particular individual adjudications, and/or would or may substantially impede or impair the

23  ability of those other members to protect their interests.

24      34.    Common questions of fact and law exist in this case with respect to the Class

25  which predominate over any questions affecting only individual Class Members and which do

26  not vary between Class Members.

27      35.    The common questions of fact involved in this case include, without limitation:

28  whether Class Members received cable television service from CCI at any time during the

- 5 -
COMPLAINT

1   relevant Class Period; whether Class Members paid a rental fee to CCI for the use of a converter

2   box and/or remote control device during the relevant Class Period; and whether CCI requires

3   customers to affirmatively request a cable box and/or remote by name before charging them for

4   such items.

5       36.   The common questions of law involved in this case include, without limitation:

6   whether the imposition of a rental fee for cable converter boxes and/or remote control devices by

7   CCI which Class Members did not affirmatively request by name is unlawful and/or unfair in

8   violation of the UCL; and whether Class Members who paid a rental fee to CCI for the use of a

9   cable converter box and/or remote control device which they did not affirmatively request by

10   name are entitled to restitution of those monies from CCI.

11       37.   Plaintiff and each Class Member have been injured economically as a result of a

12   common course of conduct engaged in by Defendant as complained of herein.

13       38.   The claims of the named Plaintiff in this case are typical of those of all other

14   Class Members, in that, among other things, during the Class Period Plaintiff paid CCI rental

15   fees for one or more cable converter boxes and/or remote control devices which she did not

16   affirmatively request by name.

17       39.   The claims of the named Plaintiff are coincident with, and not antagonistic to, the

18   claims of the other Class Members whom she seeks to represent.

19       40.   The named Plaintiff will fairly and adequately represent and protect the interests

20   of the Class Members whom she seeks to represent.  Plaintiff does not have any interests which

21   are antagonistic to the interests of the proposed Class.

22       41.   Counsel for Plaintiff are experienced, qualified and fully able to conduct complex

23   class action litigation.

24

**CAUSE OF ACTION**
**CLAIM FOR UNLAWFUL BUSINESS PRACTICES**
(California Business & Professions Code § 17200, *et seq.*)
(By Plaintiff on behalf of herself and all other Class Members against All Defendants)

25

26

27       42.   Plaintiff re-alleges and incorporates by reference, as though fully set forth herein,

28   paragraphs 1 through 41 of this Complaint.

- 6 -
COMPLAINT

DOCS\527331v1

43. Since September 13, 2006, and at all times relevant hereto, by and through the conduct described herein, Defendant has engaged in unfair, unlawful and/or fraudulent business practices, in violation of California Business and Professions Code § 17200, *et seq.*, and has thereby deprived Plaintiff and all Class Members of money, and fundamental rights and privileges guaranteed to all consumers under California law.

44. The acts and conduct of Defendant complained of herein constitute unlawful, unfair and/or fraudulent business practices and/or acts, including, without limitation, the practice of charging Class Members rental fees for use of a cable converter box and/or remote control device which those Class Members did not affirmatively request by name.

45. At all times relevant to this Complaint, the Cable Act, 47 U.S.C. § 543(f), has been in full force and effect, and provides: "A cable operator shall not charge a subscriber for any service or equipment that the subscriber has not affirmatively requested by name. For purposes of this subsection, a subscriber's failure to refuse a cable operator's proposal to provide such service or equipment shall not be deemed to be an affirmative request for such service or equipment."

46. CCI charged Plaintiff and each Class Member for a cable converter box and/or remote control device that they did not affirmatively request by name.

47. Defendant's failure to obtain any Class Member's affirmative request by name for a cable converter box and/or remote control device, prior to charging Class Members for such equipment, violates the Cable Act. Defendant's violation of the Cable Act constitutes an unlawful business practice in violation of the UCL.

48. As a result of Defendant's unfair, unlawful and/or fraudulent business practices, Plaintiff and all Class Members have lost money, namely all amounts paid by Plaintiff and such Class Members for rental of equipment they did not affirmatively request by name.

49. All of the acts described herein are unlawful and in violation of public policy, and in addition, are immoral, unethical, oppressive, fraudulent and/or unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of the UCL.

- 7 -
COMPLAINT

DOCS\527231v1

50.    Plaintiff and all Class Members are entitled to and do seek such relief as may be necessary to restore to them the money which Defendant acquired, or of which Plaintiff and all Class Members have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.

51.    Plaintiff and all Class Members are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining Defendant from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.    That this action be certified as a class action;

B.    That Plaintiff BRITTNI COTTLE-BANKS be certified as the representative of a class consisting of: "All persons who, at any time from September 13, 2006, to the present, paid a rental fee to CCI for the use of a cable television converter box and/or remote control device which they did not affirmatively request by name in connection with cable television service they received within the state of California";

C.    That Plaintiff's counsel be certified as counsel for the class;

D.    That the business practices alleged herein be declared in violation of the public policy of the State of California, including but not limited to California Business and Professions Code § 17200, *et seq.*;

E.    For a preliminary and permanent injunction to prevent the use or employment by Defendant of each practice alleged herein and found to be an unfair, unlawful and/or fraudulent business practice;

F.    For a further order to restore to Plaintiff and all Class Members (i.e., restitution of) any money which Defendant may have acquired by means of each practice alleged and found herein to be an unfair, unlawful and/or fraudulent business practice;

G.    Awarding pre-and post-judgment interest;

H.    Awarding attorney's fees, expenses and costs; and,

- 8 -
COMPLAINT

I.    For such other and further relief as this Court may deem just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED:  September 13, 2010

MILBERG LLP
JEFF S. WESTERMAN
SABRINA S. KIM

_Sabrina Kim / MMF_

SABRINA S. KIM

One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
E-mail: jwesterman@milberg.com
  skim@milberg.com

LAW OFFICE OF CHRISTOPHER J.
MOROSOFF
CHRISTOPHER J. MOROSOFF, ESQ.
77-73 5 California Drive
Palm Desert, California 92211
Telephone: (760) 469-5986
E-mail: cjmorosoff@morosofflaw.com

RAY A. MANDLEKAR, ATTORNEY AT
LAW
RAY A. MANDLEKAR, ESQ.
27555 Ynez Road, Suite 208
Temecula, California 92591
Telephone: (951) 200-3427
E-mail: raym@mandlekarlaw.com

Attorneys for Plaintiff

- 9 -
COMPLAINT

DOCS\527331v1

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COX COMMUNICATIONS, INC., a Delaware Corporation; and DOES
1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRITTNI COTTLE-BANKS, an individual, on behalf of herself and all
others similarly situated,

F I L E D
Clerk of the Superior Court
SEP 1 5 2010

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of California, County of San Diego<br>330 West Broadway, San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2010-00100193-CU-BT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sabrina S. Kim, Milberg LLP, 300 S. Grand Avenue, Suite 3900, Los Angeles, CA 90071 (213) 617-1200

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* SEP 1 5 2010 | Clerk, by<br>*(Secretario)* CAROL McMAHON | | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* COX Communications, Inc, a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

F I L E D
ECM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Sabrina S. Kim (SBN 186242)
Milberg LLP
300 South Grand Avenue, Suite 3900
Los Angeles, California 90071
TELEPHONE NO.: (213) 617-1200     FAX NO.: (213) 617-1975
ATTORNEY FOR (Name): Plaintiff Brittini Cottle-Banks

SEP 1 3 2010

SEP 13 '10 P 3:17

FAXED

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 220 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:
Cottle-Banks v. Cox Communications

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2010-00100195-CU-BT-CTL |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify): 1 - Unlawful Business Practices
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 13, 2010
Sabrina S. Kim
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2010-00100185-CU-BT-CTL     CASE TITLE: COTTLE-BANKS vs. COX COMMUNICATIONS INC

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter 3 and Code of Civil Procedure 1141 et seq. address this program specifically.

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:      Central | |

| PLAINTIFF(S):   BRITTNI COTTLE-BANKS |
|---|
| DEFENDANT(S): COX COMMUNICATIONS INC |
| SHORT TITLE:   COTTLE-BANKS VS. COX COMMUNICATIONS INC |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2010-00100195-CU-BT-CTL |
|---|---|

Judge: Joel M. Pressman                                  Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative  dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                    ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                          ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                  ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                          ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral   ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____            Date: _____

Name of Plaintiff                               Name of Defendant

_____                   _____
Signature                                       Signature

Name of Plaintiff's Attorney                    Name of Defendant's Attorney

_____                   _____
Signature                                       Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 09/15/2010                               _____
                                                JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION                Page: 1

3

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:   330 West Broadway | |
| CITY AND ZIP CODE:   San Diego, CA 92101 | |
| BRANCH NAME:        Central | |
| TELEPHONE NUMBER: (619) 450-7035 | |

| PLAINTIFF(S) / PETITIONER(S):    BRITTNI COTTLE-BANKS |
|---|

| DEFENDANT(S) / RESPONDENT(S): COX COMMUNICATIONS INC |
|---|

| COTTLE-BANKS VS. COX COMMUNICATIONS INC | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2010-00100195-CU-BT-CTL |

Judge:  Joel M. Pressman                                      Department: C-66

COMPLAINT/PETITION FILED: 09/13/2010

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-08)              **NOTICE OF CASE ASSIGNMENT**              Page: 1

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BRITTNI COTTLE-BANKS, an individual, on behalf of herself and all others similarly situated

**(b)** County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jeff S. Westerman, Milberg LLP, 300 S. Grand Avenue, Suite 3900, Los Angeles, CA 90017; (213) 617-1200

## DEFENDANTS
COX COMMUNICATIONS, INC., a Delaware Corporation

10 OCT 13 PM 4:12

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          DEPUTY

**'10 CV 2133 BTM     WVG**

Attorneys (If Known)
Nathan R. Hamler, Mintz Levin, et al., 3580 Carmel Mountain Rd., #300, San Diego, CA 92130; (858) 314-1500

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 465 Other Immigration Actions | | |

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. Section 543(f)
Brief description of cause:
Unlawful practices under Cal. Bus. & Prof. Section 17200 based on alleged violation of 47 USC 543(f)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

VIA FAX

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE                        DOCKET NUMBER

DATE
10/13/2010

SIGNATURE OF ATTORNEY OF RECORD
*Nathan Hamler*

## FOR OFFICE USE ONLY

RECEIPT # 19057    AMOUNT $350    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JB 10-13-10

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS019057
Cashier ID: mbain
Transaction Date: 10/13/2010
Payer Name: AMERICAN MESSENGER SERVICE
----------------------------------
CIVIL FILING FEE
 For: COTTLE BANKS V COX COMMUNICATI
 Case/Party: D-CAS-3-10-CV-002133-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 7978
 Amt Tendered:  $350.00
----------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.
```