UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNI COTTLE-BANKS, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COX COMMUNICATIONS, INC., a Delaware corporation; DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 10cv2133-GPC(WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>[Dkt. Nos. 36, 41.] |

This class action was transferred to the undersigned judge on October 12, 2012. Pursuant to a scheduling order filed by the prior judge[1], on November 7, 2012, Plaintiff filed a motion for class certification and motion for spoilation sanctions. Concurrently, Plaintiff also filed a motion to seal the briefs and supporting documents in both motions. (Dkt. Nos. 36, 41.)

There is a presumptive right of public access to court records based upon the common law and the first amendment. See Nixon v. Warner Comm., Inc., 435 U.S. 589, 597 (1978); Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1212-13 (9th Cir. 2002). Nonetheless, access may be denied to protect sensitive confidential information. Courts are more likely to protect

---

[1] The Court notes that the transfer order vacated all hearing dates. Therefore, the hearing date listed on the moving papers of January 4, 2013 has been vacated. The Court will set a new hearing date once the matter has been fully briefed.

information covered by Rule 26(c) of the Federal Rules of Civil Procedure, but are not limited by items listed in protective orders.  See  <u>KL Group v. Case, Kay, & Lynch</u>, 829 F.2d 909, 917-19 (9th Cir. 1987) (letter to client from attorney); <u>Kalinauskas v. Wong</u>, 151 F.R.D. 363, 365-67 (D. Nev. 1993) (confidential settlement agreement).

Parties seeking a sealing order must provide a specific description of particular documents and affidavits showing good cause to protect those documents from disclosure.  Documents filed under seal will be limited to only those documents, or portions thereof, necessary to protect such sensitive information.

Here, Plaintiff provides a one paragraph summary argument without a declaration or specific description of particular documents or information that need to be protected.[2]  Accordingly, the Court DENIES Plaintiff's motion to file under seal her motion for class certification and motion for spoilation sanctions.[3]

IT IS SO ORDERED.

DATED:  November 26, 2012

HON. GONZALO P. CURIEL
United States District Judge

---

[2] Plaintiff references a Protective Order dated May 23, 2011 issued by the transferring Court; however, she does not provide the Court a copy of the protective order in her motion to seal.

[3] As to the memoranda of points and authorities, it would appear that most of the information in the legal briefs can be disclosed to the public without violating a protective order.  Therefore, a redacted brief may be appropriate.