MILBERG LLP
JEFF S. WESTERMAN (SBN 94559)
jwesterman@milberg.com
NICOLE M. DUCKETT (SBN 198168)
nduckett@milberg.com
One California Plaza
300 South Grand, Suite 3900
Los Angeles, California 90071
Telephone: 213.617.1200
Facsimile: 213.617.1975

MILBERG LLP
PEGGY WEDGWORTH (*pro hac vice pending*)
One Pennsylvania Plaza
New York, New York  10119
Telephone:  212.594.5300
Facsimile:  212.868.1229
pwedgworth@milberg.com

LAW OFFICE OF CHRISTOPHER J. MOROSOFF
CHRISTOPHER J. MOROSOFF (SBN 200465)
77-735 California Drive
Palm Desert, California  92211
Telephone:  760.469.5986

RAY A. MANDLEKAR, ATTORNEY AT LAW
RAY A. MANDLEKAR (SBN 196797)
27555 Ynez Road, Suite 208
Temecula, California  92591
Telephone:  951.200.3427

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNI COTTLE BANKS, an individual, on behalf of herself and of all others similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>COX COMMUNICATIONS, INC., a Delaware Corporation; and DOES 1 to 100, inclusive,<br><br>Defendant(s). | Case No. 10-CV-2133-GPC (WVG)<br><br>**PLAINTIFF'S MOTION TO FILE BRIEFS IN COMPLIANCE WITH COURT ORDER DATED 11/26/12 [DOCKET #45]**<br><br>DATE:<br>TIME:<br>DEPT.:       TBD<br>JUDGE:      Hon. Gonzalo P. Curiel |

Pursuant to this Court's Order dated November 26, 2012 denying Plaintiff's Motion to File Documents Under Seal [Docket 45], Local Rule 79.2 and the Stipulated Protective Order entered by the Transferor Court in Oklahoma on May 23, 2011, in this action (attached as Exhibit 1), Plaintiff Brittni Cottle-Banks hereby submits this application to file redacted versions of the Motion for Spoliation Sanctions and supporting papers (Exhibits 4 and 5) and Motion for Class Certification and supporting papers (Exhibits 2 and 3). Should the Court determine the redacted information is confidential, Plaintiff further requests this Court grant Plaintiff's motion to file all documents referenced herein in their unredacted form, including the motions and all exhibits, under seal. Should the Court determine that the redacted information is not confidential, Plaintiff requests this Court allow Plaintiff to file all documents referenced herein in their unredacted form, including the motions and all exhibits, in the public record.[1]

Plaintiff lacks sufficient information to establish the confidentiality of the information in, and documents supporting, Plaintiff's Motion for Spoliation Sanctions and Motion for Class Certification (and the papers supporting these motions) beyond Defendant Cox Communications, Inc.'s ("Cox"), designation of this information as "CONFIDENTIAL" in the Stipulated Protective Order. However, because Cox designated this information "CONFIDENTIAL" in the Stipulated Protective Order, Plaintiff is required under the terms of that Order to "take all steps necessary to insure that [such "CONFIDENTIAL" information] remains protected, including taking all measures to insure that the documents and/or information are submitted to the Court under seal, and kept under seal by the Clerk, and reviewed only in camera, until further order of the Court." Stipulated Protective Order at ¶ 6. Accordingly, Plaintiff files this motion in order to comply with the Court's November 26 Order and the Stipulated Protective Order. Plaintiff invites Defendant Cox to provide the Court its basis for asserting that good cause exists to keep this information, which Cox designated as "CONFIDENTIAL," out of the public record.

Plaintiff proposes that the following redacted documents be filed:

---

[1] For the Court's convenience, Plaintiff concurrently submits a proposed Order and a proposed Alternative Order to address the filing of the unredacted versions of Plaintiff's Motion for Spoliation Sanctions, Motion for Class Certification and all supporting papers.

| PLAINTIFF'S MOTION TO FILE BRIEFS IN COMPLIANCE WITH COURT ORDER DATED 11/26/12 [Docket #45] | - 1 - | Case No. 10-CV-2133-GPC (WVG) |

DOCS\647616v1

1        • Redacted Motion for Spoliation Sanctions and supporting declaration and
2    redacted exhibits (all of which are attached as Exhibits 4 and 5).[2]
3        • Redacted Motion for Class Certification and supporting declaration and redacted
4    exhibits (all of which are attached as Exhibits 2 and 3).
5        Should the Court grant Plaintiff's request above, Plaintiff proposes that the following
6    documents be concurrently filed under seal:
7        • Motion for Spoliation Sanctions and supporting declaration and exhibits (all in
8    unredacted form); and
9        • Motion for Class Certification and supporting declaration and exhibits (all in
10   unredacted form).[3]
11       The redactions in these two motions include excerpts from transcripts of the depositions
12   of Cox employees who testified about the maintenance (or lack thereof) and failure to preserve
13   electronic recordings of conversations between Cox customer service representatives and
14   potential Cox customers, policies and procedures of Cox with regard to customer orders, and
15   billing procedures at Cox.  Plaintiff took these depositions pursuant to Notices of Deposition.
16   Defense counsel has designated these deposition transcripts as "CONFIDENTIAL" under the
17   Stipulated Protective Order.  The redactions in the motions also include documents which Cox
18   produced in discovery in this action, and which Cox designated as "CONFIDENTAL" under the
19   Stipulated Protective Order.  Plaintiff requested that Defendant review the proposed redactions.
20   Cox responded that they were satisfied with the proposed redactions with the additional request
21   that Exhibits Q and R to the Morosoff Declaration in support of the Motion for Class
22   Certification be redacted.  Though Plaintiff does not consider these two exhibits appropriate for
23   redaction, rather than delay this further, Plaintiff is willing to redact these two exhibits at this

---

[2] This Court's November 26 Order states that "it would appear that most of the information in the legal briefs can be disclosed to the public without violating a protective order.  Therefore, a redacted brief may be appropriate."  [Document 45, note 3].

[3] Plaintiff submitted unredacted version of the motions and supporting papers to the Court on November 7, 2012.  Plaintiff will re-submit if the Court requires.

| PLAINTIFF'S MOTION TO FILE BRIEFS IN COMPLIANCE WITH COURT ORDER DATED 11/26/12 [Docket #45] | - 2 - | Case No. 10-CV-2133-GPC (WVG) |
|---|---|---|

DOCS\647616v1

time in order to file redacted versions of these motions in the record. Plaintiff does not consider anything in these deposition transcripts or discovery documents "confidential" and files this motion to file redacted documents, and to concurrently file unredacted documents under seal, solely to comply with the Stipulated Protective Order. Cox has the burden to demonstrate that these documents should be protected from disclosure to the public, not Plaintiff, because it was Cox that designated these documents as "CONFIDENTIAL." *See Kilby v. CVS Pharm., Inc.*, No. 09-cv-2051-L (CAB), 2011 U.S. Dist. LEXIS 132645, at *4-5 (S.D. Cal. Nov. 16, 2011). Specifically:

> Here, the Court is faced with an unusual situation where the party moving to seal documents is in fact the one that does not want the documents sealed. Consequently, Defendant does not address in its motion either standard for sealing documents. Defendant merely states that it "does not consider anything in the deposition CONFIDENTIAL and files this motion to seal solely to comply with the Stipulated Protective Order." . . . Plaintiff, in its opposition, argues that the Court should grant the motion because it is unopposed. . . . Though Plaintiff goes on to describe the contents of the documents sought to be sealed, she also fails to address either standard. Finally, in its reply, Defendant opposes its own motion, arguing that neither standard is met by Plaintiff. . . . Ultimately, throughout this procedural anomaly, neither standard for sealing documents has been met by either party, and as a result, sealing the documents here is not warranted at this time.

*Id.*; *see also Watts v. Metro. Life Ins. Co.*, No. 09-cv-829-WQH (WVG) (2010 U.S. Dist. LEXIS 76580, at *6-7 (S.D. Cal. July 28, 2010) (citations omitted). If Cox is unable to establish to the Court's satisfaction the reasons for the confidential designations with regard to all materials referenced in these two motions, then Plaintiff requests that this Court allow unredacted versions of both motions and supporting declarations and exhibits to be filed in the public record.

DATED: December 4, 2012               MILBERG LLP
                                      JEFF S. WESTERMAN (SBN 94559)
                                      NICOLE M. DUCKETT (SBN 198168)

                                      _____
                                      */s/ Nicole M. Duckett*
                                      NICOLE M. DUCKETT

                                      One California Plaza
                                      300 S. Grand Avenue, Suite 3900
                                      Los Angeles, CA  90071
                                      Telephone: (213) 617-1200
                                      Facsimile:  (213) 617-1975

| PLAINTIFF'S MOTION TO FILE BRIEFS IN COMPLIANCE WITH COURT ORDER DATED 11/26/12 [Docket #45] | - 3 - | Case No. 10-CV-2133-GPC (WVG) |
|---|---|---|

DOCS\647616v1

```
 1                                      E-mail: jwesterman@milberg.com
                                                nduckett@milberg.com
 2
                                        MILBERG LLP
 3                                      PEGGY WEDGWORTH *(pro hac vice pending)*
                                        One Pennsylvania Plaza
 4                                      New York, New York  10119-0165
                                        Telephone:  (646) 515-1269
 5                                      Facsimile:  (212) 868-1229
                                        pwedgworth@milberg.com
 6
                                        LAW OFFICE OF CHRISTOPHER J.
 7                                      MOROSOFF
                                        CHRISTOPHER J. MOROSOFF (SBN 200465)
 8                                      77-73 5 California Drive
                                        Palm Desert, California 92211
 9                                      Telephone: (760) 469-5986
                                        E-mail: cjmorosoff@morosofflaw.com
10
                                        RAY A. MANDLEKAR, ATTORNEY AT LAW
11                                      RAY A. MANDLEKAR (SBN 196797)
                                        27555 Ynez Road, Suite 208
12                                      Temecula, California 92591
                                        Telephone: (951) 200-3427
13                                      E-mail: raym@mandlekarlaw.com

14                                      Attorneys for Plaintiff

15

16

17

...

28
```

| PLAINTIFF'S MOTION TO FILE BRIEFS IN COMPLIANCE WITH COURT ORDER DATED 11/26/12 [Docket #45] | - 4 - | Case No. 10-CV-2133-GPC (WVG) |
|---|---|---|

DOCS\647616v1

DECLARATION OF SERVICE BY CM/ECF AND/OR MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, employed in the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, California 90071-3149.

2. Declarant hereby certifies that on December 4, 2012, declarant served the PLAINTIFF'S MOTION TO FILE BRIEFS IN COMPLIANCE WITH COURT ORDER DATED 11/26/12 [Docket #45] by electronically filing the foregoing documents listed above by using the Case Management/ Electronic Case filing system.

3. Declarant further certifies that Participants in the case who are registered CM/ECF users will be served by the court's CM/ECF system. Participants in the case that are not registered CM/ECF users will be served by First-Class Mail, postage pre-paid or have dispatched to a third-party commercial carrier for delivery to the non-CM/ECF participants.

4. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of December, 2012, at Los Angeles, California.

_____
CAROL KIYOTOKI

PLAINTIFF'S MOTION TO FILE BRIEFS IN COMPLIANCE WITH COURT ORDER DATED 11/26/12 [Docket #45]   - 5 -   Case No. 10-CV-2133-GPC (WVG)

DOCS\647616v1