UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNI COTTLE-BANKS,<br><br>            Plaintiff,<br>v.<br><br>COX COMMUNICATIONS, INC., *et al*.,<br><br>            Defendants. | Civil No. 10-CV-2133-GPC (WVG)<br><br>ORDER SETTING MANDATORY SETTLEMENT CONFERENCE |

On May 31, 2013, this Court held a telephonic Status Conference with counsel for both parties. During the Status Conference, the Court set a Mandatory Settlement Conference ("MSC") to be held on July 15, 2013, at 2:00 p.m., in the chambers of Magistrate Judge William V. Gallo.

Counsel shall submit settlement statements **directly to chambers** no later than July 8, 2013. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement Conference statements shall not be filed with the Clerk of the Court, but may be served on opposing counsel at the party's discretion.**

**Settlement Conference statements shall comply with the undersigned's Chambers Rules.** Further, the parties shall meet and confer in good faith prior to the Mandatory Settlement Conference, and verify that they have done so in their respective Settlement Conference statements, outlining the substance of their discussions and negotiations.

Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the Settlement Conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. For good cause, and on *ex parte* application at least one week before the scheduled Settlement Conference, Magistrate Judge Gallo may excuse a party or representative from personal attendance provided such party or parties will be available by telephone during the conference. Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions. Counsel seeking to reschedule a Conference must first confer with opposing counsel. The Court will consider formal, written *ex parte* requests to continue a Conference when extraordinary circumstances exist that make a continuance appropriate. In and of itself, having to travel a long distance to appear at the Settlement Conference is not an extraordinary circumstance.

//
//
//

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

1   The date and time set forth herein will not be further modified except for good cause
2 shown.
3 IT IS SO ORDERED.
4 DATED: May 31, 2013

_____
Hon. William V. Gallo
U.S. Magistrate Judge